UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTTSDALE INDEMNITY
COMPANY,

    Plaintiff,

v.                                          Case No. 2:21-cv-36-JLB-NPM

1ST CHOICE TITLE, LLC and
JOHNNY FIOR,

    Defendants.

## ORDER

Before the Court is a Motion for Entry of Clerk's Default (Doc. 38). Plaintiff Scottsdale Indemnity Company requests the Court direct the Clerk to enter a default against Johnny Fior a/k/a Fior Lorenzo. No response was filed to the motion and the response time has lapsed. For the reasons discussed below, the Court grants the motion.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(*l*); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-

FTM-38, 2014 WL 3721209, *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-cv-1811-Orl-37, 2014 WL 1400641, *1 (M.D. Fla. Apr. 10, 2014).

Rule 4 allows service of process upon an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). Florida law allows service by publication in an action for declaratory relief and rescission, such as this one, when personal service cannot be accomplished despite an honest, diligent, and conscientious effort to do so. Fla. Stat. §§ 49.011, 49.021. This Court found good cause to permit service by publication upon Fior. (Doc. 30). Scottsdale then submitted a proposed Notice of Action that complied with applicable Florida statutes (Docs. 31, 31-1; *see also* Doc. 30, p. 5). After approving the Notice, the Court ordered Scottsdale to effect service by publication within a certain timeframe and to file proof of service. (Docs. 30, 32, 35). Scottsdale complied, and Fior was served as of October 8, 2021. (Docs. 36, 37). Accordingly, Fior was required to respond to the Complaint by October 29, 2021, but failed to do so. Fed. R. Civ. P. 12(a)(1)(A)(i). Scottsdale timely moved for Clerk's default. (Doc. 38); M.D. Fla. R. 1.10(b).

The Court finds Scottsdale properly effected service of process on Johnny Fior, who failed to respond to the Complaint. Therefore, the Court finds a clerk's default must be entered pursuant to Rule 55(a). Accordingly, the Motion for Entry of Clerk's Default (Doc. 38) is **GRANTED**, and the Clerk is directed to enter a default against Defendant Johnny Fior.

Within thirty-five (35) days after entry of a clerk's default, Plaintiff must apply for the default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment. M.D. Fla. R. 1.10(c).

**ORDERED** in Fort Myers, Florida on November 23, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE